IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICKY ALAN VALENTA, | |
| Plaintiff, | 4:24CV3158 |
| vs. | |
| SOCIAL SECURITY ADMINISTRATION, | ORDER |
| Defendant. | |

Plaintiff filed an application to proceed with this litigation without prepaying fees or costs. Filing No. 2. The information contained in Plaintiff's affidavit demonstrates that Plaintiff is ineligible to proceed in forma pauperis and his motion will be denied.

Specifically, if Plaintiff wishes to prosecute a civil action in this Court without prepayment of fees, then he must demonstrate that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In forma pauperis status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that she is "absolutely destitute," but she must demonstrate that, because of her poverty, she cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). Determining whether

to grant or deny in forma pauperis status under § 1915 is within the sound discretion of the trial court. *Lee*, 231 F.3d at 458.

Here, Plaintiff's application to proceed without prepaying fees or costs shows he takes home $5,774.00 per month in military disability payments, retirement payments, and pension payments. Filing No. 2. This totals approximately $70,000.00 per year. While Plaintiff lists various monthly expenses, his monthly income still exceeds his monthly expenses by over $450.00 per month and his yearly income is well over 400% the federal poverty level[1]. Based on the information currently before it, the Court finds that Plaintiff does not financially qualify for in forma pauperis status. *See Stoglin v. U.S. Dep't of Agric.,* No. 18-CV-995, 2018 WL 11473346, at *1 (D. Minn. May 9, 2018) (finding plaintiff was not indigent when monthly income amounted to over 200% of federal poverty level).

Accordingly,

IT IS ORDERED:

1. Plaintiff's application to proceeding without prepaying fees or costs, Filing No. 2, is denied.
2. Plaintiff shall pay the $405.00 filing fee within 30 days of the date of this order.
3. Failure to comply with this order may result in the undersigned recommending this matter be dismissed.
4. The Clerk of the Court is directed to set a pro se case management deadline in this matter for October 11, 2024.

---

[1] Office of the Assistant Sec'y for Plan. & Evaluation, U.S. Dep't of Health & Human Servs., 2024 Poverty Guidelines: 48 Contiguous States, https://aspe.hhs.gov/sites/default/files/documents/7240229f28375f54435c5b83a3764cd1/detailed-guidelines-2024.pdf.

Dated this 11th day of September, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge