IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICKY ALAN VALENTA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | 4:24CV3158<br><br>ORDER DISMISSING CASE FOR WANT OF PROSECUTION |

　　　　This case is before the Court on the October 29, 2024, Findings and Recommendation by United States Magistrate Judge Jacqueline M. DeLuca. Filing 8. The Findings and Recommendation followed Judge DeLuca's September 11, 2024, Order denying Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Filing 2, and direction to pay the filing fee on or before October 11, 2024. Filing 5. Judge DeLuca stated in that Order, "Failure to comply with this order may result in the undersigned recommending this matter be dismissed." Filing 5 at 2. In the Findings and Recommendation now before the Court, Judge DeLuca states—and the record reflects—that "Plaintiff has not paid the filing fee or otherwise responded to the Court's September 11, 2024 Order." Filing 8 at 1. Consequently, Judge Deluca recommends that this case be dismissed for want of prosecution without further notice. Filing 8 at 1. No timely objections have been filed to the Findings and Recommendation.

　　　　Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), a district court must review de novo the parts of a magistrate judge's findings and recommendation on a dispositive matter to which timely objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); accord *Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a

party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections. . . ."). On the other hand, neither the applicable statute, rule, nor case law requires the Court to conduct a de novo review of a magistrate judge's findings and recommendation when no objections are filed. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining that nothing in § 636(b)(1) requires a district judge to apply some lesser standard of review than de novo when no objections are filed). Nevertheless, the Court deems it prudent to review Findings and Recommendations to which no objections are filed at least for clear error. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.; Fed. R. Civ. P. 72(b)(3).

      The Court has reviewed the record and finds no error—clear or otherwise—in Judge DeLuca's Findings and Recommendation in light of Plaintiff's failure to pay the required filing fee by the specified deadline. *See Grinder*, 73 F.3d at 795. Accordingly,

IT IS ORDERED that

1. The Court accepts Judge DeLuca's Findings and Recommendation, Filing 8, in its entirety pursuant to 28 U.S.C. § 636(b)(1), and Federal Rule of Civil Procedure 72(b)(3); and

2. This case is dismissed without prejudice for want of prosecution.

3. The Clerk of Court shall administratively close the case.

Dated this 27th day of November, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge